**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 04-4042**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

GERALD M. SCOTT,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern
District of Virginia, at Richmond.  Henry E. Hudson, District
Judge.  (CR-03-192)

———————

Submitted:  June 30, 2004          Decided:  July 26, 2004

———————

Before NIEMEYER, MICHAEL, and TRAXLER, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Frank W. Dunham, Jr., Federal Public Defender, Robert J. Wagner,
Assistant Federal Public Defender, Richmond, Virginia, for
Appellant.  Paul J. McNulty, United States Attorney, Michael J.
Elston, Stephen W. Miller, Assistant United States Attorneys,
Richmond, Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Gerald M. Scott appeals his conviction and forty-six month prison sentence for possession of a firearm by a felon, and a user of controlled substances, in violation of 18 U.S.C. § 922(g)(1) and (3) (2000). Scott entered a guilty plea conditioned on his ability to appeal the district court's order denying Scott's motion to suppress evidence. Finding no error, we affirm.

Scott argues that the district court erred in denying his motion to suppress. This court reviews the factual findings underlying a motion to suppress for clear error, and the district court's legal determinations de novo. See Ornelas v. United States, 517 U.S. 690, 699 (1996). When a suppression motion has been denied, this court reviews the evidence in the light most favorable to the Government. See United States v. Seidman, 156 F.3d 542, 547 (4th Cir. 1998).

With these standards in mind, and having reviewed the record and the parties' briefs, we conclude that the officer who seized Scott did so based on a reasonable articulable suspicion that Scott was engaged in criminal activity. "An officer may, consistent with the Fourth Amendment, conduct a brief, investigatory stop when the officer has a reasonable, articulable suspicion that criminal activity is afoot." Illinois v. Wardlow, 528 U.S. 119, 123 (2000); Terry v. Ohio, 392 U.S. 1, 30 (1968). We find that, given the totality of the circumstances, see United

States v. Sokolow, 490 U.S. 1, 8 (1989), Scott's suspicious and evasive behavior justified the officer's actions. See United States v. Mayo, 361 F.3d 802, 807-08 (4th Cir. 2004).

Accordingly, we affirm Scott's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED